UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMY LOPEZ LOPEZ,<br><br>                          Petitioner,<br><br>v.<br><br>PATRICK DIVVER, et al.,<br><br>                        Respondents. | Case No.:  26-CV-3768 JAO (SBC)<br><br>**ORDER GRANTING IN PART WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Jimy Lopez Lopez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Also before the Court is Respondents Patrick Divver's (Field Office Director, Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations San Diego Field Office), Todd M. Lyon's (Director, ICE), Markwayne Mullin's (Secretary of the U.S. Department of Homeland Security ("DHS")), Todd Blanche's (Attorney General, Executive Office for Immigration Review), and Christopher J. LaRose's (Senior Warden, Otay Mesa Detention Center) (collectively, "Respondents" or the "Government") Return to the Petition, ECF No. 4, and Petitioner's Amended Petition for Writ of Habeas Corpus, ECF No. 5.  For the reasons set forth below, the Court **GRANTS** the Petition on due process grounds.

## BACKGROUND

Petitioner is a native and citizen of Guatemala who entered the United States on or about November 26, 2020.  *See* ECF No. 5 at 2.  He was detained for 2 days and then released on his own recognizance.  *See id.*  In the six years since, Petitioner has lived, worked, and established a community and network in California.  *See id.* at 3.

On June 4, 2026, the vehicle in which Petitioner was a passenger was pulled over by ICE officials.  *See id.* at 2.  Officials detained him without cause or explanation, and Petitioner was issued a Notice to Appear that same day.  *See id.*  DHS has charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection.  *See id.*

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court.  *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that the summary revocation of his parole without justification or consideration of his individualized circumstances violates the Due Process Clause.[1]  *See* ECF Nos. 1; 5.  The Court agrees.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001).  "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993).  The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property."  *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).  "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty."  *Pinchi v. Noem*, 2025 WL 2084921, at *3 (N.D. Cal. July 25, 2025) (citations omitted).  Although the initial decision to detain or release an individual may be within the government's discretion, "the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[] to live up to the . . . conditions [of release].'"  *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).  "Thus, even when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody [he] has a protected liberty interest in remaining out of custody."  *Id.* at *3 (citing *Romero v. Kaiser*, 2022 WL 1443250, at *2 (N.D. Cal. May 6, 2022)).

---

[1] Petitioner's original Petition (ECF No. 1) sought enforcement of his rights as a member of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). *See* ECF No. 1.  As Respondents argue, Petitioner is not eligible for membership in the Bond Class certified in *Maldonado Bautista*, as he was inspected upon entry and detained in 2020.  *See* ECF No. 4 at 2.  However, as Petitioner argues in his Amended Petition (ECF No. 5), and as discussed in further detail below, the summary revocation of Petitioner's parole violates the Due Process Clause.

3

Upon arrival, Petitioner was released on conditional parole.  *See* ECF No. 5 at 2. Petitioner has complied with all conditions of release:  Petitioner has been working and living in the community for more than six years.  *Id*. at 3.  Petitioner has a protected liberty interest in remaining out of custody.  *See, e.g.*, *Pinchi*, 2025 WL 2084921, at *4 ("[Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria."); *Noori*, 2025 WL 2800149, at *10 ("Petitioner is not an 'arriving' noncitizen but one that has [been] present in our country for over a year. This substantial amount of time indicates he is afforded the Fifth Amendment's guaranteed due process before removal."); *Matute v. Wofford*, 2025 WL 2817795, at *5 (E.D. Cal. Oct. 3, 2025) (finding petitioner had a protected liberty interest in his release).

As Petitioner has a protected liberty interest, the Due Process Clause requires procedural protections before he can be deprived of that interest.  *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976).  To determine which procedures are constitutionally sufficient to satisfy the Due Process Clause, the Court must apply the *Matthews* factors.  *See Matthews*, 424 U.S. at 335.  Courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.*

The Court finds that all three factors support a finding that the Government's revocation of Petitioner's parole without notification, reasoning, or an opportunity to be heard, denied Petitioner of his due process rights.  First, as discussed above, Petitioner has a significant liberty interest in remaining out of custody pursuant to his conditional parole.  "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause]

26-CV-3768 JAO (SBC)

protects." *Zadvydas*, 533 U.S. at 690. Petitioner has an interest in remaining in his community. *See Morrissey*, 408 U.S. 471 at 482 ("Subject to the conditions of his parole, he can be gainfully employed and is free to be with family and friends and to form the other enduring attachments of normal life.").

Second, the risk of an erroneous deprivation of such interest is high because Petitioner's parole was revoked without providing him a reason for revocation or giving him an opportunity to be heard. ECF No. 5 at 2. "Where, as here, 'the petitioner has not received any bond or custody hearing,' 'the risk of an erroneous deprivation of liberty is high' because neither the government nor [Petitioner] has had an opportunity to determine whether there is any valid basis for [his] detention." *Pinchi*, 2025 WL 2084921, at *5 (quoting *Singh v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal. July 11, 2025)) (cleaned up). Since DHS's initial determination that Petitioner should be paroled, there is no evidence that their determination has changed. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017) ("Release reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Petitioner has not been arrested or otherwise in criminal trouble and is living and working in the United States. ECF No. 5 at 3. "Once a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings." *Saravia*, 280 F. Supp. 3d at 1176. "Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk[.]" *Id.*

Third, the Government's interest in detaining Petitioner without notice, reasoning, and a hearing is "low." *See Pinchi*, 2025 WL 2084921, at *5; *Matute*, 2025 WL 2817795, at *6; *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 22, 2019) ("If the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."). Respondents fail to point to any burdens on the Government if it were to have provided proper notice, reasoning, and a pre-deprivation hearing. *See generally* ECF No. 4.

Therefore, because Respondents detained Petitioner by revoking his parole in violation of the Due Process Clause, his detention is unlawful.  *See, e.g.*, *Navarro Sanchez*, 2025 WL 2770629, at \*5 (granting a writ of habeas corpus releasing petitioner from custody to the conditions of her preexisting parole on due process grounds).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) on due process grounds.  The Court **ORDERS** Respondents to immediately release Petitioner from custody subject to the conditions of his preexisting parole.  The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner is entitled to notice of the reasons for revocation of his parole and a hearing before a neutral decision maker to determine whether detention is warranted.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.  *See, e.g.*, *Matute*, 2025 WL 2817795, at \*8; *Pinchi*, 2025 WL 2084921, at \*5; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, 2025 WL 2495767, at \*14 (E.D. Cal. Aug. 28, 2025); *Isaev, v. LaRose, et al.*, 2026 WL 1162758, at \*3 (S.D. Cal. Apr. 29, 2026).  The Parties are **ORDERED** to file a Joint Status Report by <u>July 20, 2026</u>, confirming that Petitioner has been released.[2]

**IT IS SO ORDERED.**

Dated:  July 16, 2026



Jill A. Otake
United States District Judge

---

[2] Although Petitioner does not renew this request in his Amended Petition, Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* ECF No. 1 at 9.  Should Petitioner still seek EAJA fees, Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.  *See* 28 U.S.C. § 2412(d)(1)(B).

26-CV-3768 JAO (SBC)